UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FREDERICK DELAWARENCE BROWN,<br><br>Plaintiff,<br><br>v.<br><br>ANKA BEHAVIORAL/MHM IMC CALIFORNIA FORENSIC,<br><br>Defendant. | Case No. 15-cv-00563-JSC<br><br>**ORDER OF DISMISSAL WITH LEAVE TO AMEND** |

## INTRODUCTION

Plaintiff, an inmate at the Napa State Hospital, filed this pro se civil rights complaint under 42 U.S.C. § 1983 against what appears to be an entity named "Anka Behavioral/MHM IMC California Forensic." [1] His application to proceed *in forma pauperis* is granted in a separate order. For the reasons explained below, the complaint is dismissed with leave to amend.

## STANDARD OF REVIEW

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.*

---

[1] Plaintiff consented to the jurisdiction of a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). (Dkt. 5.)

§ 1915A(b). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (citations omitted). Although to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . .  Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim for relief that is plausible on its face." *Id.* at 1974. Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

## LEGAL CLAIMS

Plaintiff alleges that on August 20, 2014, he contacted something called "the ConRep oncall hot line" to complain that his "roommate had exposed himself" to Plaintiff. (Compl. at 3.) The next day he was summoned to the "ConRep" office to explain what had happened, and when he did, he was asked whether he felt like acting violently towards his roommate. (*Id.*) He explained that he had such thoughts but did not intend to act them out. (*Id.*) Based on this statement, "ConRep" found that he had "become symptomatic . . . consistent with past delusional processes." (*Id.*) He seeks 10 million dollars in damages from "ConRep" for violating his due process rights, misdiagnosing him as delusional, and incarcerating him illegally.

There are several deficiencies in this complaint. To begin with, Plaintiff does not name "ConRep" as a Defendant either in the caption or in Section II.B. of the form complaint where

Defendants are to be listed.  Instead, the only Defendant listed in the complaint is something called "Anka Behavioral/MHM IMC California Forensic," but there is no explanation of what that is or where it can be located, and there are no allegations as to how it is involved in the claimed violation of Plaintiff's rights.  Plaintiff also does not explain what "ConRep" is or where it is located.  To cure this deficiency, Plaintiff must clearly name the individual(s) and/or entity(ies) he is suing, provide their location for service, and list them in both the caption and Section II.B. of the form complaint.  In addition, in the body of the complaint, he must allege how each of the named Defendants was involved in the alleged violated of his rights under federal law.

The second deficiency is that there is no due process right to a correct medical diagnosis; to the extent the incorrect medical diagnosis led to improper medical care, Plaintiff may bring his claim under the Eighth Amendment, which prohibits deliberate indifference to a state prisoner's serious medical needs.  *See Estelle v. Gamble*, 429 U.S. 97, 104 (1976).  To the extent Plaintiff seeks to challenge the lawfulness of his incarceration in federal court, he must do so in a petition for a writ of habeas corpus (after he has exhausted his state court remedies) filed in a separate action.  *See Skinner v. Switzer*, 131 S. Ct. 1289, 1293 (2011).

## CONCLUSION

The complaint is DISMISSED with leave to amend.  Plaintiff shall file an amended complaint within **twenty eight (28) days from the date this order is filed** that cures the deficiencies noted above.  The amended complaint **must** include the caption and civil case number used in this order (No. C 15-0563 JSC (PR)) and the words "COURT-ORDERED FIRST AMENDED COMPLAINT" on the first page.  Because an amended complaint completely replaces the original complaint, *see Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992), Plaintiff may not incorporate material from the original by reference; he must include in his amended complaint all the claims from the original complaint that he still wishes to pursue.  <u>Failure to file an amended co within the designated time and in accordance with this order will result in the dismissal of this case.</u>

It is Plaintiff's responsibility to prosecute this case.  Plaintiff must keep the Court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of

1  Address."  He also must comply with the Court's orders in a timely fashion, although he may
2  request an extension of time provided it is accompanied by a showing of good cause and it is filed
3  on or before the deadline he wants to extend.  Failure to do so may result in the dismissal of this
4  action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

Dated: April 20, 2015

_____
JACQUELINE SCOTT CORLEY
United States Magistrate Judge